UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| LEE ANN WRAY, | ) |
| | ) Case No. 2:20-cv-4100 |
| Plaintiff, | ) |
| | ) Removed from the Circuit Court of |
| v. | ) Boone County, MO |
| | ) |
| SMITCO EATERIES, INC., | ) Case No. 20BA-CV01520 |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441 and 1446, Defendant SmitCo Eateries, Inc. ("*Defendant*"), appears in the above-captioned action for the purpose of removing to the United States District Court for the Western District of Missouri the action styled *Lee Ann Wray v. SmitCo Eateries, Inc.*, Case No. 20BA-CV01520 currently pending in the Circuit Court of Boone County, Missouri. Defendant removes this case on grounds of federal question jurisdiction because Plaintiff's claims arise under federal law, and diversity jurisdiction because (a) there is complete diversity of citizenship between Plaintiff Lee Ann Wray ("*Plaintiff*") and Defendant and (b) the amount in controversy exceeds $75,000. Defendant does not request this Court exercise jurisdiction over the retaliation claim in Count I brought under RSMo. § 287.780; rather, this claim is severable from the other claims over which the Court has federal question and diversity jurisdiction. In support of its Notice of Removal, Defendant states as follows:

1. On April 27, 2020, Plaintiff commenced the above-captioned action in the Circuit Court of Boone County, Missouri by filing her Petition in the action styled *Lee Ann Wray v. SmitCo Eateries, Inc.*, Case No. 20BA-CV01520.

2. Upon information and belief, SmitCo was served by special process server on May 11, 2020; SmitCo has not yet received a copy of the summons and petition but for the purposes of

removal, presumes service occurred on May 11, 2020 as reflected on Case.net in the official court docket for the state court proceeding pending in Boone County, Missouri.

3. As required under 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served on Defendant are attached as "**Exhibit A**."

4. Pursuant to 28 U.S.C. §1446, Defendant's removal of this action is timely as this removal is filed within 30 days of the date of service.

5. Plaintiff's Petition consists of seven counts, and alleges retaliation under Missouri's workers' compensation statute (Count I), failure to accommodate under the Americans with Disabilities Act ("*ADA*") (Count II), disability discrimination under the ADA (Count III), violations of the Family and Medical Leave Act ("*FMLA*") (Count IV), associational discrimination on the basis of race under Title VII of the Civil Rights Act of 1964, as amended ("*Title VII*") (Count V), retaliation under Title VII (Count VI), and unpaid overtime under the Fair Labor Standards Act ("*FLSA*") (Count VII).

## FEDERAL QUESTION JURISDICTION

6. The United States District Court for the Western District of Missouri has original jurisdiction over this case under 28 U.S.C. § 1331 because 6 out of 7 of the claims in this case arise under a federal law, namely the ADA (Counts II-III), the FMLA (Count IV), Title VII (Count V-VI), and FLSA (Count VII). With the exception of the claim for workers' compensation retaliation contained in Count I, all of Plaintiff's alleged claims arise under federal law.

7. Thus, this action is removable on federal question grounds.

## DIVERSITY OF CITIZENSHIP

8. The United States District Court for the Western District of Missouri also has diversity jurisdiction over this case under 28 U.S.C. § 1332, which requires the parties to be

citizens of different states and the amount in controversy to exceed $75,000. *See* 28 U.S.C. § 1332(a)(1).

9. Plaintiff's Petition alleges she "resided most recently in Columbia, Missouri, until Defendant transferred Plaintiff in August 2019 . . . to its Popeye's restaurant in Manhattan, Kansas). *See* Petition ¶ 1. While the allegations in the Petition are not clear as to the precise state of citizenship, Plaintiff Lee Ann Wray is a citizen of *either* Missouri or Kansas.

10. Defendant's principal place of business is in the State of Arkansas and it is incorporated under the laws of the State of Arkansas. *See* Petition, ¶ 2; Declaration of Brian D. Smith at ¶ 5, attached as *"Exhibit B."* Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." For the purposes of federal diversity jurisdiction, Defendant is a citizen of the State of Arkansas, not Missouri or Kansas.

11. Therefore, there is complete diversity of citizenship between the parties.

## AMOUNT IN CONTROVERSY

12. The standard for determining whether a plaintiff's claim meets the amount in controversy is "whether a fact finder might legally conclude" that the plaintiff's damages are greater than $75,000. *Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040 (E.D. Mo. 2002). Courts consider compensatory damages, punitive damages, and attorneys' fees in determining whether the amount in controversy exceeds $75,000. *See Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

13. Under Title VII and the ADA, a plaintiff may recover back pay, front pay, compensatory damages (including damages for emotional distress), punitive damages, and attorneys' fees. *See* 42 U.S.C. §§ 2000e-5.

14. Plaintiff's alleged damages include punitive damages, compensatory damages, front and back pay, with prejudgment interest, attorneys' fees and costs. *See* Petition, ¶¶ 64-65, 74-75, 80-81, 103-104, 110-111, 117-118, 119, and "WHEREFORE" Clauses, and Prayer for Relief. Although the Petition does not allege a specific amount of damages sought, Defendant believes in good faith that the amount in controversy exceeds $75,000, based upon the allegations in the Petition, and without any admissions as to the merits of those allegations.

15. Courts consider attorneys' fees in determining whether the amount in controversy exceeds $75,000. *See Allison v. Sec. Ben. Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992). If Plaintiff prevails on her claims at trial, there is a legal certainty that her attorneys' fees themselves will exceed $75,000. *See e.g., Lin v. Washington Univ. et al.*, 1422-CC09377 (St. Louis City Circuit Court, August 25, 2017) ($319,635 judgment entered for attorneys' fees); *Kader v. Board of Regents of Harris Stowe State Univ.*, Case No. 1222-CC02913 (St. Louis City Circuit Court, April 4, 2017) ($180,000 judgment entered for attorneys' fees); *Green v. City of St. Louis et al.*, Case No. 1422-CC09588 (St. Louis City Circuit Court, September 1, 2016) ($120,000 judgment entered for attorneys' fees).

16. A plaintiff may also recover emotional distress damages under Title VII and the ADA. While such damages are now capped at $300,000 for Title VII and ADA claims (including punitive damages), compensatory damages (including emotional distress, as claimed by Plaintiff herein), have been awarded in recent discrimination cases in Missouri venues, ranging from $167,000 to $750,000, even when the only evidence of emotional distress comes from the testimony of the Plaintiff and not an expert witness treating health care provider. *See e.g., Lin v. Washington Univ., et al.*, 1422-CC09377 (St. Louis City Circuit Court, August 25, 2017) ($269,000 judgment entered after jury verdict in the amount for actual damages); *Horn v. St. Louis*

*Univ.*, Case No. 1222-CC09870 (St. Louis City Circuit Court, September 22, 2016) ($167,000 judgment entered after jury verdict in this amount for actual damages).

17. Additionally, Plaintiff seeks punitive damages under Title VII and the ADA. Though these damages are capped at $300,000 under Title VII and the ADA (including compensatory damages), recovery of punitive damages even in a modest amount would surpass the jurisdictional threshold for removal. Further, under Missouri jurisprudence, for purposes of considering punitive damages, actual damages include attorneys' fee awards. *See Hervey v. Missouri Dept. of Corrections*, 379 S.W.3d 156, 163-65 (Mo. 2012) (en banc). Thus, if successful, there is a reasonable probability that Plaintiff's punitive damages, alone, would exceed $75,000, based upon punitive damage awards in recent employment lawsuits.

18. Indeed, if successful, it is difficult to see how the aggregate award for damages and attorneys' fees would not easily exceed the statutory threshold for diversity jurisdiction. Recent jury verdicts and attorneys' fees awards received by plaintiffs for the same or similar claims have exceeded $75,000. *See, e.g., Lin v. Washington Univ. et al.,* 1422-CC09377 (St. Louis City Circuit Court, August 25, 2017) ($500,000 judgment entered after jury verdict in this amount for punitive damages); *Horn v. St. Louis Univ.,* Case No. 1222-CC09870 (St. Louis City Circuit Court, September 22, 2016) ($200,000 judgment entered after jury verdict in this amount for punitive damages); *Alhalabi v. Mo. Dep't of Natural Res.*, No. 2106CC-0189 (Mo. Cir. Ct. St. Louis Cnty., 2008) (the jury awarded plaintiff $187,000 in actual damages, $150,000 in punitive damages, and the court awarded $474,949 in attorneys' fees); and *Crudup v. Raytown C-2 Sch. Dist.*, No. 03CV232362 (Mo. Cir. Ct. Boone Cnty., 2006) (awarding $318,011 in attorneys' fees and over $300,000 in actual and punitive damages).

19. Thus, the Petition seeks more than $75,000, which satisfies the amount in controversy requirement.

20. Accordingly, the District Court has diversity jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000.

21. Under 28 U.S.C. §§ 1441(a) and 1446(a), and Local Rule 3.1, the U.S. District Court for the Western District of Missouri, Central Division, is the appropriate court for removing an action from the Circuit Court of Boone County, Missouri, where this action was filed.

## WORKERS' COMPENSATION RETALIATION CLAIM (COUNT I)

22. Defendant acknowledges that this Court should not exercise jurisdiction over the state law claim for workers' compensation retaliation. *See* 28 U.S.C. § 1445. Rather, this claim is severable from all of Plaintiff's claims in this case over which this Court has subject matter jurisdiction, and should be remanded to Missouri state court. *See Campbell v. Anytime Labor-Kansas, LLC*, Case No. 16-00142-CV-W-GAF, 2016 WL 2743541, *4-*9 (W.D. Mo. 2016) (severing workers' compensation retaliation claim from removable claims, and remanding only the workers' compensation retaliation claim); *Olson v. St. Luke's Hosp. of Kansas City*, No. 11-000602-CV-W-JTM, 2012 WL 254124 (W.D. Mo. 2012) (severing the removable claims from the state workers' compensation claims, and remanding only the state law claims).

23. The Honorable Judge Gary A. Fenner from the U.S. District Court for the Western District of Missouri recently decided this very issue, and found it was proper to retain jurisdiction of all federal claims that were properly removed to federal court, and to remand only the state claim arising under the Missouri workers' compensation statute. *See O'Shonda Bolton v. Home Depot, U.S.A., Inc.*, Case No. 20-00079-CV-W-GAF (entered on June 1, 2020), a copy of which is attached hereto as "***Exhibit C***".

24. Defendant seeks to have this Court accept removal of Counts II through VII of Plaintiff's Petition, and immediately remand Count I back to state court for further proceedings.

## **CONCLUSION**

25. Defendant properly removes this case to federal court pursuant to 28 U.S.C. § 1331, 1332, 1367 because there is complete diversity between Plaintiff Lee Ann Wray and Defendant and the amount in controversy exceeds $75,000, the Petition raises federal questions, and the state law workers' compensation retaliation claim is severable and can be remanded back to state court.

26. After filing this Notice of Removal, Defendant will promptly give notice in writing to Plaintiff Lee Ann Wray and will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Boone County, Missouri.

WHEREFORE, Defendant respectfully requests this Court assume control over this action, as this action is properly removed, and remand the workers' compensation retaliation claims to Missouri state court, and for such other relief as this Court deems just and proper.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ *Melissa M. Pesce*
Burton D. Garland, Jr., MO 46720
Melissa M. Pesce, MO 46814
7700 Bonhomme Avenue, Suite 650
St. Louis, MO 63105
Telephone: 314-802-3935
Facsimile: 314-802-3936
burton.garland@ogletree.com
melissa.pesce@ogletree.com

Attorneys for Defendant Smitco Eateries, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of June, 2020, the foregoing was electronically filed with the Court Administrator through the CM/ECF system and service was made via electronic mail to:

Daniel J. Voss MO #49246
4723 Terrace Street
Kansas City, MO 64112
dan@danvosslaw.com
(816) 522-3536

**ATTORNEY FOR PLAINTIFF**

/s/ Melissa M. Pesce
**ATTORNEY FOR DEFENDANT**

43063882.1